IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-289-D
No. 5:15-CV-58-D

| | |
|---|---|
| MICHAEL ANTHONY WALCOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On February 9, 2015, Michael Anthony Walcott ("Walcott") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 120-month sentence [D.E. 36, 38]. On October 20, 2015, the government moved to dismiss Walcott's section 2255 motions [D.E. 44]. On October 30, 2015, Walcott responded in opposition. See [D.E. 46]. As explained below, the court grants the government's motion and dismisses Walcott's section 2255 motions.

I.

On November 12, 2013, pursuant to a written plea agreement [D.E. 26], Walcott pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). See Rule 11 Tr. [D.E. 39] 26. As part of the plea agreement, the parties agreed to numerous advisory guideline applications and agreed to recommend a 10-year sentence and 10 years of supervised release. See Pl. Ag. [D.E. 26] 8.

On February 10, 2014, the court sentenced Walcott to 120 months' imprisonment and 120 months' of supervised release. See Sentencing Tr. [D.E. 35] 15–23. Walcott did not appeal.

On February 9, 2015, Walcott filed his section 2255 motion. See [D.E. 38]. Walcott claims: (1) that even though the parties agreed in the plea agreement that a 10-year sentence was appropriate,

defense counsel allegedly told Walcott that he would seek a lesser sentence and that Walcott would receive little or no jail time; (2) that defense counsel affirmatively misadvised Walcott that counsel would seek and likely obtain for Walcott a sentence less than 10 years, that counsel told Walcott before signing the plea agreement that Walcott would not receive a lengthy sentence, and that counsel failed to present sufficient mitigation evidence at sentencing. See [D.E. 38] 4–5. The court construes each claim to assert ineffective assistance of counsel.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in

2

light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Walcott must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Walcott contends that his counsel was ineffective because even though the plea agreement stated that the parties agreed "pursuant to Fed. R. Crim. P. 11(c)(1)(B), that a sentence of ten (10) years, plus ten (10) years of supervised release is warranted in this case, and jointly recommend this sentence to the court" [D.E. 26] 8, defense counsel told Walcott that he would seek a lesser sentence for Walcott and that Walcott would receive little to no jail time. See [D.E. 38] 4. During Walcott's

3

Rule 11 proceeding, however, Walcott swore under oath that he had discussed his case with his lawyer, had read and discussed his entire plea agreement with his lawyer, and that he understood each term in his plea agreement. See Rule 11 Tr. 13, 15, 23. Walcott also stated that no one had made any promise to him concerning this case. See id. 12, 15, 22–23. Walcott also stated that he understood that even if his defense counsel had given him an estimate of his advisory guideline range or anticipated sentence, any such estimate was not binding on the court. See id. 22. Walcott's sworn statements at his Rule 11 proceeding bind him and defeat his first claim of ineffective assistance of counsel. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 & n.4 (1977); United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005).

In Walcott's second claim, Walcott asserts that counsel was ineffective by affirmatively misadvising Walcott that counsel would seek and likely obtain for Walcott a sentence less than 10 years, that counsel told Walcott before signing the plea agreement that Walcott would not receive a lengthy sentence, and that counsel failed to present sufficient mitigation evidence at sentencing. See [D.E. 38] 5. Walcott's sworn statements at his Rule 11 proceeding contradict and defeat the first two portions of his second claim. See Rule 11 Tr. 13–23. Moreover, the sentencing transcript defeats the third portion of the second claim in that the sentencing transcript reflects defense counsel's presentation of mitigation evidence. See Sentencing Tr. 5–15. Thus, Walcott has failed to plausibly allege deficient performance or prejudice.

After reviewing the claims presented in Walcott's motions, the court finds that reasonable jurists would not find the court's treatment of Walcott's claims debatable or wrong, and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38

4

(2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 44], DISMISSES Walcott's section 2255 motions [D.E. 36, 38], and DENIES a certificate of appealability.

SO ORDERED. This  1  day of May 2016.

                                                 JAMES C. DEVER III
                                                 Chief United States District Judge